# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEBORAH P. CODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:08CV760 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Deborah P. Cody seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claim for Disability Insurance Benefits. The Commissioner's denial decision became final on September 18, 2008, when the Appeals Council found no basis to review the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

### The Claimant

Plaintiff was born on May 1, 1958, and was 43 years of age on her alleged onset date of disability. She has an eleventh grade education. Plaintiff has past relevant work experience as a folder, rivet machine operator and shirt folder. Plaintiff alleges disability as of January 1, 2002 due to pain in her knees, hips, neck, lower back and left arm, elbow problems and an irregular heart beat.

## The Administrative Proceedings

Plaintiff filed an application for Disability Insurance Benefits on September 30, 2005, alleging disability as of January 1, 2002, due to pain in her knees, hips, neck, lower back and left arm, elbow problems and an irregular heart beat. Her claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on March 3, 2008. A decision denying benefits was issued by the ALJ on May 1, 2008. Plaintiff filed a request for review, and on September 18, 2008, the Appeals Council found no basis for review of the ALJ's later decision.

The findings of the ALJ relevant to this review include the following:

1. Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2005.

2. Plaintiff did not engage in substantial gainful activity during the period from January 1, 2002, her alleged onset date of disability, through March 31, 2005, her date last insured.

3-4. Plaintiff's osteoarthritis and obesity are severe impairments, but do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations Number 4.

5. Through the date last insured, Plaintiff had the residual functional capacity to perform light work involving sitting two hours at a time and a total of seven hours in a workday, standing for two hours and walking for one hour

at a time, only occasional climbing, balancing, stooping and crawling, and frequent but not continuous use of the hands.

6. Through the date last insured, Plaintiff was able to perform past relevant work.

7-9. Plaintiff was born on May 1, 1958 and was 46 years old, defined as a "younger individual" on her date last insured. She has a limited education and can communicate in English. Transferability of job skills in not an issue because Plaintiff's past relevant work is unskilled.

10-11. Considering Plaintiffs, age, education, work experience and residual functional capacity, there were jobs that existed through the date last insured in significant numbers in the national economy that Plaintiff could have performed. Accordingly, Plaintiff was not under a disability as defined by the Social Security Act from January 1, 2002 through March 31, 2005.

The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial

in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. § 404.1520 (2009). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering her age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act through March 31, 2005. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the time

-4-

from January 1, 2002, her alleged onset date of disability, and March 31, 2005, her date last insured. Proceeding to step two, the ALJ found that Plaintiff suffers osteoarthritis and obesity, impairments that are severe within the meaning of 20 C.F.R. § 404.1520(c). The ALJ proceeded with the sequential evaluation and found at step three that Plaintiff does not have an impairment, or combination of impairments, that meets or equals the ones listed in Appendix 1, Subpart P, Regulations Number 4. The ALJ concluded her evaluation at step four, finding that Plaintiff has the residual functional capacity to perform light work involving sitting two hours at a time and a total of seven hours in a work day, standing for two hours and walking for one hour at a time, only occasional climbing, balancing, stooping and crawling, and frequent but not continuous use of the hands. The ALJ concluded that Plaintiff's residual functional capacity does not preclude her from performing her past relevant work as a folder and shirt folder, and thus, Plaintiff is not disabled.

Plaintiff's sole argument in this action is that the ALJ's credibility finding concerning Plaintiff's complaints of pain is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ failed to address the threshold question of whether there are medically determinable impairments that reasonably could be expected to produce Plaintiff's alleged symptoms and further failed to adequately articulate reasons for rejecting Plaintiff's testimony that she is unable to lift a gallon of milk and that she suffers from headaches three times a week. (Docket No. 11, Pl.'s Br. Supp. Mot. for Summ. J., at 6.)

The Fourth Circuit has set out a two-step process for evaluating a plaintiff's credibility with regards to her subjective complaints of pain in accordance with the Commissioner's regulations. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); 20 C.F.R. § 404.1529 (2009); *see also* Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements* ("SSR 96-7p").

Under the *Craig* analysis, Plaintiff must first produce objective medical evidence of an impairment which could reasonably be expected to produce pain in the amount or degree she alleges. At step two of the *Craig* analysis, the ALJ must evaluate the intensity, persistence and functionally limiting effects of Plaintiff's pain. The Regulations require the ALJ to consider the location, duration, frequency and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; and daily activities. 20 C.F.R. § 404.1529(c)(3); *see also* SSR 96-7p.

Plaintiff argues that the ALJ erred in failing to make a specific finding at step one of the *Craig* analysis. (Docket No. 11 at 6.) The Court disagrees; the ALJ expressly found that the impairments proposed by Plaintiff's attorney at the hearing - the inability to lift a gallon of milk and headaches three times a week - are not supported by the medical evidence as of the date last insured. (Tr. at 20.) Having found at step one that Plaintiff did not meet her

burden of production of objective medical evidence of these impairments, the ALJ is not obligated to proceed to step two of the analysis.

It is Plaintiff who bears the burden of production and persuasion though step four of the sequential evaluation. 20 C.F.R. § 404.1520; *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Plaintiff must prove the extent of her limitations and that she is unable to perform her past relevant work. *Hunter*, 993 F.2d at 35. Plaintiff points to no objective medical evidence in the record supporting her claims that she was unable to lift a gallon of milk or that she suffered from debilitating headaches during the insured period.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (Docket No. 10) be denied, that the Commissioner's motion for judgment on the pleadings (Docket No. 12) be granted, and that judgment be entered in favor of the Commissioner.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 22, 2010